UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM B. GREENE,

    Petitioner,

  v.

STEPHEN SINCLAIR,

    Respondent.

NO. C08-884RSL

ORDER DENYING FEDERAL
HABEAS PETITION

## I. INTRODUCTION

This matter comes before the Court on the Honorable James P. Donohue's recommendation that the Court deny petitioner William Greene's federal habeas petition and dismiss this action with prejudice. Dkt. #18. Having reviewed the Report and Recommendation, the underlying briefs, and the remainder of the record in this matter, petitioner's federal habeas petition is hereby denied.

## II. DISCUSSION

### A. Background[1]

After petitioner was convicted of indecent liberties and kidnaping in 1995, his DNA was collected pursuant to RCW 43.43.754. However, the district court granted his habeas petition challenging that conviction in 2001, C00-938MJP, Dkt. #39, and that ruling was affirmed by the

---

[1] Because the facts of the case are laid out in detail in the Report and Recommendation, Dkt. #18 at 2-3, they will be abbreviated here.

ORDER DENYING FEDERAL
HABEAS PETITION - 1

Ninth Circuit in 2002, Greene v. Lambert, 288 F.3d 1081 (9th Cir. 2002). Following the grant of habeas relief, the Washington State Crime Lab compared petitioner's DNA to a DNA sample pertaining to a 1979 rape and murder and found a match. Petitioner was subsequently charged with and convicted of felony murder. Petitioner's conviction was affirmed by the Washington Court of Appeals, Dkt. #16, Ex. 5, and the Washington Supreme Court denied review, id., Ex. 9. Petitioner now seeks federal habeas review of his felony murder conviction and identifies three grounds for relief.

**B. Analysis**

    **1. Fourth Amendment Claim**

Petitioner argues that his "rights to privacy were violated where the state seized, retained and searched [his] DNA information without authority of law[] and used the DNA information for the sole purpose of gathering evidence for future criminal prosecution, i.e., law enforcement." Dkt. #1 at 6. Magistrate Judge Donohue recommended that this claim is barred by Stone v. Powell, 428 U.S. 465 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial," 428 U.S. at 494. Petitioner objects to the Magistrate Judge's recommendation on several grounds.[2]

Petitioner first contends that the state court ignored his argument that his case was governed by the pre-amendment version of RCW 43.43.754 and therefore he did not receive full and fair litigation of this claim. Dkt. #19 at 5. Effective July 1, 2002, the DNA collection statute was amended to provide that

---

[2] After filing his objections to the Report and Recommendation, Dkt. #19, and receiving no response from the State, petitioner filed a "Motion to Supplement Argument in Support of Objection[] to U.S. Magistrate Judge's Report and Recommendation," Dkt. #20. So as to allow this pro se petitioner every opportunity to argue his case, the Court grants petitioner's motion and has considered the arguments raised therein.

ORDER DENYING FEDERAL
HABEAS PETITION - 2

> [t]he detention, arrest, or conviction of a person based upon a data base match or data base information is not invalidated if it is determined that the sample was obtained or placed in the data base by mistake, or if the conviction or juvenile adjudication that resulted in the collection of the biological sample was subsequently vacated or otherwise altered in any future proceeding, including but not limited to post-trial or post-fact-finding motions, appeals, or collateral attacks.

RCW 43.43.754(6) (2002). The DNA collection statute in effect at the time petitioner's habeas petition was granted, by contrast, merely provided for the collection and storage of DNA from persons convicted of certain crimes and did not include this provision explaining the effect of a subsequently overturned conviction.

Petitioner's emphasis on the differences between the amended statute and its predecessor, however, is misplaced. Petitioner claims that because his conviction was overturned on habeas review, the police lacked statutory authority to retain his biological sample and search or seize his genetic material in 2002. See Dkt. #19 at 3-4. This claim was presented by petitioner's counsel in his motion for reconsideration before the Washington Court of Appeals. See Dkt. #16, Ex. 6 at 9. The state court denied the motion without comment. Id. at Ex. 7. However, the state court's original opinion on the merits of petitioner's Fourth Amendment claim foreclosed any need to debate the differences between the two versions of the statute. While there is no question that the 1995 extraction of blood for DNA profiling constituted a "search" within the meaning of the Fourth Amendment, see Skinner v. Railway Labor Executives' Ass'n, 489 U.S. 602, 616 (1989), Petitioner's present argument is predicated on his contention that the 2002 examination of his DNA was also a search. This contention was rejected by the Washington Court of Appeals. See Dkt. #16, Ex. 5 at 8 ("Greene has no retained privacy interest in his blood after it was lawfully obtained and analyzed to carry out the identification purposes for which it was gathered. 'No additional search occurs when a defendant's DNA profile already in the State's possession is compared against evidence taken from a new crime scene.'") (quoting State v. Gregory, 158 Wn.2d 759, 828 (2006)). Because this issue was certainly fully and fairly litigated before the state court, see Opening Br., id., Ex. 2 at 8; Response Br., id., Ex. 3 at 15;

ORDER DENYING FEDERAL
HABEAS PETITION - 3

Reply Br., id., Ex. 4 at 2, habeas review of the issue is barred by Stone, 428 U.S. at 494. Petitioner's claim that the State lacked statutory authority to conduct the 2002 search and seizure is therefore foreclosed by the state court's finding that no such search or seizure ever occurred. Even if the Court were to agree with petitioner that the pre-amendment statute provided the State no authority to retain and analyze his DNA once his conviction was overturned, further consideration of the matter would in no way advance petitioner's cause since the state court's finding that the search ended when the DNA was extracted is determinative of this Fourth Amendment claim.[3]

Petitioner further contends that Stone does not bar consideration of a Fourth Amendment claim alleging an unconstitutional programmatic statute where the objective of the suspicionless search is to further law enforcement goals. Dkt. #20 at 2; Dkt. #19 at 1; Dkt. #17 at 12-13. However, while the Supreme Court has refused to extend Stone beyond the Fourth Amendment context, see, e.g., Withrow v. Williams, 507 U.S. 680 (1993); Kimmelman v. Morrison, 477 U.S. 365 (1986), nothing in Stone or subsequent Supreme Court case law suggests that federal habeas review is available for some types of Fourth Amendment claims and not others. Petitioner is unable to point to any evidence that his specific Fourth Amendment claim is somehow exempt from Stone's reach. Nor can he successfully contend that his claim regarding the constitutionality of the statute did not receive full and fair consideration in the Washington Court of Appeals. See Dkt. #16, Ex. 5 at 6 (relying on State v. Surge, 122 Wn.App.448 (2004), aff'd, 160 Wn.2d 65 (2007), to find the DNA collection statute constitutional under both the "special needs" and "totality of the circumstances" exceptions to the warrant requirement).[4]

---

[3] For this reason, the Court denies petitioner's motion to remand the case to Magistrate Judge Donohue to address whether the Washington Court of Appeals impermissibly applied the amended statute retroactively, Dkt. #22.

[4] Petitioner's contention that the Washington Court of Appeals addressed only the constitutionality of the amended DNA statute, Dkt. #19 at 1, is to no avail. Although Surge upheld the constitutionality of the amended statute, it did not do so on the basis of the added provision.

ORDER DENYING FEDERAL
HABEAS PETITION - 4

Even if Stone did not bar petitioner's claim, the Court finds no basis for granting habeas relief under the standard of review set out in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). AEDPA provides that a habeas petition may be granted with respect to any claim adjudicated on the merits in state court only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or was "based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d). Petitioner contends that the Washington Court of Appeals decision was contrary to City of Indianapolis v. Edmond, 531 U.S. 32 (2000), and Ferguson v. City of Charleston, 532 U.S. 67 (2001). In Edmond, the Supreme Court struck down a checkpoint program that aimed to interdict illegal drugs. In Ferguson, the Court deemed unconstitutional a program whereby a public hospital shared pregnant women's positive drug tests with law enforcement officials. Both cases found that the program at issue did not fit into the recognized exceptions to the warrant requirement. Neither, however, addressed the circumstances of petitioner's case, in which convicted felons are subject to blood extractions for DNA profiling. In fact, several Courts of Appeal have assessed the constitutionality of DNA statutes comparable to Washington's RCW 43.43.754 and have found them constitutional despite Edmond and Ferguson. See United States v. Kincade, 379 F.3d 813, 832 (9th Cir. 2004); Green v. Berge, 354 F.3d 675, 678 (7th Cir. 2004). "If no Supreme Court precedent creates clearly established federal law relating to the legal issue the habeas petitioner raised in state court, the state court's decision cannot be contrary to or an unreasonable application of clearly established federal law." Brewer v. Hall, 378 F.3d 952, 955 (9th Cir. 2004). Given that the Supreme Court has yet to decide the issue,[5] the Court cannot say that the decision of the Washington Court of Appeals was contrary to clearly established federal law.

---

[5] See Green, 354 F.3d at 677 ("Although the United States Supreme Court has yet to address the validity of DNA collection statutes under the Fourth Amendment, . . . state and federal courts that have are almost unanimous in holding that these statutes do no violate the Fourth Amendment.").

ORDER DENYING FEDERAL
HABEAS PETITION - 5

### 2. Admissibility of Evidence

Petitioner next argues that the trial court improperly admitted evidence of prior criminal acts and propensity evidence. Dkt. #1 at 7. The Court agrees with Magistrate Judge Donohue's analysis of this issue, see Dkt. #18 at 6-10, and adopts the recommendation that petitioner's federal habeas petition be denied with regard to the admission of 404(b) evidence. The standard available to the Court on habeas review does not permit relief on this ground.

### 3. Self-Incrimination

Petitioner argues that his right to be free from self-incrimination was violated when letters he wrote to one of his victims as part of a Department of Corrections sexual treatment program were admitted at trial. Dkt. #1 at 9. The Magistrate Judge recommended that petitioner's federal habeas petition should be denied with respect to this final claim. The Court agrees with Magistrate Judge Donohue's recommendation and adopts the Report and Recommendation with respect to petitioner's third ground for relief. See Dkt. #18 at 10-13.

The Court further notes that petitioner's claim that "the very nature of the 'THERAPIST-CLIENT' relationship" created an implied threat to penalize petitioner for failing to write the incriminating letter, Dkt. #19 at 13, is inapposite with the circumstances and holding of Minnesota v. Murphy, 465 U.S. 420 (1984). In Murphy, the respondent claimed that he was compelled to make incriminating disclosures to his probation officer instead of invoking his Fifth Amendment privilege because he was threatened with revocation of his probation if he was untruthful with his probation officer. 465 U.S. at 434. The Supreme Court reinstated respondent Murphy's conviction, finding that he was not "deterred from claiming the privilege by a reasonably perceived threat of revocation." Id. at 439. Certainly, the power dynamic petitioner perceived in the nature of his therapist-client relationship was no more salient than that which exists between a probation officer and his probationer. Moreover, the implicit sense of obligation petitioner felt toward his therapist pales in comparison to the explicit requirement respondent Murphy faced to be truthful with his probation officer. Id. at 436. Finally,

petitioner's perception that failure to disclose the incriminating information might result in "a greater traumatic experience of loss" or "possible referral for civil commitment," Dkt. #19 at 13, was mere speculation when compared to the specific information respondent Murphy was given that failure to comply with probation conditions could result in a probation revocation hearing, 465 U.S. at 422.[6] As in Murphy, 465 U.S. at 437-38, there is no direct evidence that petitioner disclosed incriminating information because he feared that he would be penalized, and petitioner was not expressly informed that an assertion of his Fifth Amendment privilege would result in the imposition of a penalty. Moreover, "[i]f [petitioner] did harbor a belief that [he would be civilly committed] for exercising the Fifth Amendment privilege, that belief would not have been reasonable." Id. at 438.

## III. CONCLUSION

While petitioner's motion to supplement argument (Dkt. #20) is GRANTED, his motion to remand back to the Magistrate Judge (Dkt. #22) is DENIED.

For all of the foregoing reasons, petitioner's federal habeas petition (Dkt. #1) is DENIED and this action is DISMISSED with prejudice.

---

[6] Petitioner's citation to his therapist's trial testimony, see Dkt. #19 at 13, rather than bolstering his claim that there was an actual threat of penalty, proves just the opposite. Not only did the therapist give no indication that petitioner would be penalized for failing to disclose incriminating details, but also she testified that she never required him to specifically relate incriminating evidence unconnected to the crime for which he was convicted. See Dkt. #16, Ex. 20 at 44-45 (therapist asked petitioner "not to go into the gory details, but to be more specific about all the things that happened in the assault and to take responsibility that those – that he did those things; yes, he did those things to – to validate [the victim's] memory, to validate how she felt about what she experienced").

ORDER DENYING FEDERAL
HABEAS PETITION - 7

1     DATED this 13th day of February, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING FEDERAL
HABEAS PETITION - 8