UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM B. GREENE,<br><br>   Petitioner,<br><br>  v.<br><br>STEPHEN SINCLAIR,<br><br>   Respondent. | NO. C08-884RSL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the Court on Petitioner's "Motion to Reconsider and Amend or Change Judgment Pursuant to Rule 52(b); Rule 59(a) and (e) of the Fed. Rules of Appellate Procedure," Dkt. #25.[1] Petitioner asks the Court to reconsider its February 13, 2009 order denying his federal habeas petition, Dkt. #23. Pursuant to Local Rule 7(h)(1), "[m]otions for reconsideration are disfavored," and the Court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Because petitioner makes neither showing here, the Court denies petitioner's motion for reconsideration.

Petitioner first contends that the Court failed to address whether Washington's DNA collection statute is constitutional under the Fourth Amendment when it does not provide for expungement of one's DNA if his conviction is subsequently vacated. Dkt. #25 at 1. But the

---

[1] The Court assumes that petitioner, acting *pro se*, meant to refer to the Federal Rules of Civil Procedure rather than the Federal Rules of Appellate Procedure.

ORDER DENYING MOTION FOR
RECONSIDERATION - 1

constitutional question is triggered only if the 2002 examination of petitioner's DNA implicated Fourth Amendment concerns. As noted in the Court's prior order, Dkt. #23 at 3, the Washington Court of Appeals found that no additional search occurred when petitioner's DNA profile was compared against evidence taken from a new crime scene, Dkt. #16, Ex. 5 at 8.[2] Because the state court ruled, after full and fair litigation of the claim, that petitioner retained no "privacy interest in his blood after it was lawfully extracted," id., this Court is foreclosed from considering on habeas review whether the State's retention and analysis of petitioner's DNA after his conviction was vacated constituted an unlawful search or seizure, see Stone v. Powell, 428 U.S. 465, 494 (1976). After all, a search can only be unlawful – under either constitutional or statutory principles – if it is, in fact, a search.

Petitioner further argues that the Court "misapprehends the reach of the Stone bar." Dkt. #25 at 3. But petitioner presents no new arguments for the Court's consideration.[3] The Court has not only explained its reading of Stone, Dkt. #23 at 4, but also it has found no basis for granting habeas relief even if Stone did not bar petitioner's claim, id. at 5. Petitioner has provided no reason for the Court to revisit or amend its prior conclusions.

Finally, petitioner contends that "[e]ven if the Stone doctrine did apply (initially), . . .

---

[2] Petitioner's argument wrongly assumes that DNA analysis is as much a "search" under the Fourth Amendment as is DNA extraction. See, e.g., Dkt. #25 at 3 n.3 (arguing that if the lack of an expungement provision were deemed unconstitutional "the State would not then be allowed to conduct [a] random, suspicionless search of petitioner's DNA profile information without probable cause").

[3] Petitioner reiterates that there is a distinction "outside the reach of [Stone's] holding," Dkt. #25 at 3, between "police-misconduct concerns" and "questions of law," id. at 4. But the rationale behind Stone is that Fourth Amendment violations do not "challenge evidence as inherently unreliable." Stone, 428 U.S. at 479 (internal quotation marks omitted); see also id. at 485 (courts' concern with preserving the integrity of the judicial process "has limited force as a justification for the exclusion of highly probative evidence"); id. at 490 ("Application of the [exclusionary] rule thus deflects the truthfinding process and often frees the guilty."). Petitioner can make no claim that the analysis that matched his DNA profile to a DNA sample found at the crime scene is rendered "inherently unreliable" because it was conducted after his prior conviction was vacated. Petitioner's Fourth Amendment claim, like those alleging police misconduct, does not inform the "ultimate question of [his] guilt or innocence," id. at 490, but rather seeks to regulate what the State may introduce into evidence at trial.

ORDER DENYING MOTION FOR
RECONSIDERATION - 2

1 because there is no guidance under Washington law that addresses the issue of 'lack of
2 expungement provision[,]' this Court would still be obligated to resolve this issue," Dkt. #25 at
3 4. But petitioner is mistaken in suggesting that Stone only applies where the state law is
4 overwhelmingly clear. Even though the King County Superior Court found "no case law in the
5 State of Washington specifically on this issue," Dkt. #16, Ex. 13 at 12, it cited and agreed with
6 the reasoning of other state courts, see e.g., id. at 16-24 (citing People v. Baylor, 97 Cal.App.4th
7 504 (2002)). Stone bars federal habeas relief whenever the state court "has provided an
8 opportunity for full and fair litigation of a Fourth Amendment claim." 428 U.S. at 494.
9 Petitioner has been unable to prove that his claim is uniquely exempt from that bar.

For all of the foregoing reasons, the Court DENIES petitioner's motion for reconsideration (Dkt. #25).

DATED this 17th day of March, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR
RECONSIDERATION - 3