UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM B. GREENE,

         Petitioner,

   v.

STEPHEN SINCLAIR,

         Respondent.

No. C08-0884RSL

ORDER GRANTING IN PART
CERTIFICATE OF APPEALABILITY

This matter comes before the Court on petitioner's "Requesting: Certificate of Appealability" under 28 U.S.C. § 2253. Dkt. # 28. Because petitioner filed his notice of appeal after April 24, 1996, his appeal is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which worked substantial changes to the law of habeas corpus. Under the amended version of 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or the Ninth Circuit issues a certificate of appealability identifying the particular issues that may be pursued on appeal. United States v. Asrar, 116 F.3d 1268 (9th Cir. 1997).

To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right. "Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983). Rather, he must demonstrate that the resolution of the habeas petition

is debatable among reasonable jurists or that the issues presented were "adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petition is dismissed on procedural grounds, the Court must determine whether "jurists of reason" would debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the district court's procedural ruling was correct. Slack, 529 U.S. at 484.

Having reviewed the record in this case, including the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge, the Court finds that the dismissal of petitioner's illegal search and seizure claim (Ground One) is debatable among reasonable jurists and that the claim deserves to proceed further. The first ground raised in the habeas petition is, therefore, appealable under AEDPA. The Court's findings regarding petitioner's other grounds for review, namely the admissibility of evidence of prior criminal acts (Ground Two) and his right to be free from self-incrimination (Ground Three) are not debatable and should not be the subject of an appeal.

For all of the foregoing reasons, petitioner's request for a certificate of appealability is GRANTED in part and DENIED in part.

Dated this 12th day of May, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge